## CALEF *vs.* PHELPS AND ANOTHER.

The provision, in the act of 1855, relating to courts, [Stat. 1855, Ch. 26, § 17,] that the superior court shall have jurisdiction of all matters pending in or cognizable by the county court, effected no change in the law as to the officer to whom the bond should be taken on an appeal from a judgment of a justice of the peace, in a case in which such bond was previously expressly directed by statute, to be taken to the treasurer of the county.

Therefore, where after the passage of such act, the defendant, in an appeal by him from the judgment of a justice of the peace, on a complaint for selling spirituous liquor, entered into a recognizance to the treasurer of the state, for his appearance before the next superior court; it was held, that such recognizance was invalid, and that an action founded thereon could not be sustained.

THIS was an action of debt, on a bond of recognizance, brought by Arthur B. Calef, as treasurer of the state of Connecticut, against Joseph B. Phelps and Timothy Loomis, demanding forty dollars.

The bond in question was a recognizance, taken by Joseph E. Lathrop, Esq., a justice of the peace for the county of Middlesex, on a complaint exhibited to him, by a grand-juror, alleging that said Phelps, at Middletown, on the 18th day of July, 1855, sold and delivered to one Seth C. Hubbard, spirituous and intoxicating liquor, contrary to the statute in such case, made and provided. Phelps was arrested and brought before justice Lathrop, who, having inquired into the facts, alleged in such complaint, found the defendant guilty and ordered him to pay a fine of twenty dollars to the treasury of the town of Middletown, and the costs of said prosecution, taxed at six dollars and sixty-eight cents.

From this judgment Phelps appealed; and thereupon as principal, acknowledged himself bound in a recognizance of forty dollars, with said Loomis as surety, to the treasurer of the state of Connecticut, for the appearance of Phelps, before the superior court for the county of Middlesex, on the first Tuesday of September, 1855, to answer said complaint, and abide the decision of the court thereon. The cause was con-

tinued to the term of said superior court holden in November, 1855, when said Phelps and Loomis made default of appearance.

The defendant demurred to the plaintiff's declaration, on the ground that the recognizance was taken to the treasurer of the state, when it should have been made and taken to the treasurer of the county of Middlesex; and the case was reserved for the advice of this court.

*Tyler* and *Culver* in support of the demurrer.

1. The statute directs that the bond of recognizance in such cases shall be taken to the treasurer of the county and not to the treasurer of the state. Rev. Stat., 822.

The justice before whom the defendant was prosecuted, had no authority to require and take bonds, on an appeal from his decision, except that which is conferred by the statute, and if the recognizance is different from that prescribed, it is illegal and void. *Billings* v. *Avery*, 7 Conn. R., 236. *Pardee* v. *Platt*, 20 Conn. R., 402. *Ferry* v. *Burchard*, 21 Conn. R., 597.

2. If the statute on which the prosecution is founded, had not provided to whom the bond on an appeal should be taken, it might be argued, that the statutory provision, and the decisions in analogous cases require, that the bond taken by the justice in this case, should be the same as the statute requires on a binding over. But when the act which creates the offence charged in the prosecution, expressly provides that the recognizance shall be taken to the treasurer of the county, analogy does not require that it should be taken to the treasurer of the state. In such case the justice has no discretionary power, for the statute is imperative.

3. No authority can be found where it has been determined, that the rule for taking bonds is to be governed by analogy in other cases of appeal, if the statute has made provision on the subject, directing how bonds shall be taken. It is only when the statute has made no provision for taking bonds, that courts have adopted such a rule.

*Potter* v. *Kingsbury*, 4 Day, 98.   *Darling* v. *Hubbell*, 9 Conn. R., 350.   *Goodwin* v. *Dodge*, 14 Conn. R., 206.

4. The bond in question, was not a voluntary bond on the part of the defendant;· it was obtained by duress under a penalty of imprisonment.   It is an official bond required by order of the justice, who had final jurisdiction of the offence alleged in the indictment, subject to the defendant's right to appeal.

5. The treasurer of the state, has no claim to the benefit of the bond in question.   And it is to be presumed, there being no statute authorizing a bond in this case to be taken, payable to the treasurer of the state, that it was not the intention of the legislature, when it abolished the county court, that the treasurer of the state should have the benefit of it. The abolishing of the county court did not do away with the office of treasurer of the county.

*Vinal*, against the demurrer.

1. By Sect. 10, of the act of 1854, for the suppression of intemperance, any person might appeal from a final judgment, &c., to the county court, provided, that upon such appeal, he should give a bond of recognizance with good and sufficient surety to the treasurer of said county, conditioned for his appearance before said county court, &c.   But the legislature of 1855, having abolished county courts, and not having made any provision respecting the giving of bonds on appeals to the superior court, there is therefore now no statute upon that subject, for it would be absurd to claim that said tenth section is now in force, because the condition of the bond would then be, to appear before a court *not in existence.*

2. But the bond declared on is good at common law, because, 1. It is a voluntary obligation.   2. It was given to the party in interest.   3. The proceeding in taking the same is in analogy to the statute, relative to binding over by justices of the peace.   Rev. Stat., 344.   *Potter* v. *Kingsbury*, 4 Day, 98.

HINMAN, J. The defendant, Phelps, in August, 1855, was brought before justice Lathrop, charged with having sold spirituous liquors contrary to the statute. He was found guilty and fined by the justice, and thereupon he appealed to the superior court; and on the appeal, the recognizance now in suit was entered into, conditioned that he appear before the next superior court to answer to the complaint, and abide the judgment of the court thereon. The recognizance was in proper form, but it was taken to the treasurer of the state, instead of the treasurer of the county; on which account it is claimed to be void: and the court are of opinion that it is so. It was an official recognizance, given under duress of imprisonment, and therefore not voluntary. Its object was to compel an appearance to answer to a criminal charge, pursuant to the order of the magistrate professing to act under the authority conferred by statute. In fact no such authority was conferred on the magistrate; but the authority was to take a recognizance to the treasurer of the county. It becomes, then, a different obligation from the one prescribed, and is, therefore, void. *Ferry* v. *Burchard*, 21 . Conn. R., 597. The prosecution was founded on the tenth section of the statute, which authorizes any person to appeal from a judgment rendered against him by a justice, to the county court next to be holden, &c., provided that upon the appeal, he shall give a bond of recognizance, with good and sufficient surety, *to the treasurer of the county*, in such an amount as said justice shall order, conditioned, &c. Rev. Stat., p. 822. This section was modified by the act of 1855, which abolishes the county court, and transfers its jurisdiction to the superior court. But the office of county treasurer is not abolished, and it is nowhere provided that bonds of recognizance which there were directed to be taken to that officer, should thereafter be taken to the treasurer of the state; and we do not assent to the claim, that the mere abolition of the county court, effected a change in the officer to whom such bonds should be taken, where, as in this case, they were expressly directed to be taken to the treasurer of the county. It necessarily effected a change in the condition of recogni-

zances in respect to the court before which the party was bound to appear; but none as to the officer to whom the bond should be taken. We therefore advise the superior court to render judgment for the defendants.

In this opinion, STORRS, J. concurred.

Judgment for the defendants.